UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GREAT BOWERY d/b/a TRUNK ARCHIVE,

                      Plaintiff,

-against-

SKINNEY LLC d/b/a SKINNEY MED SPA, and
DOES 1 through 10 inclusive,

                      Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-cv-257 (DLI) (RML)

**DORA L. IRIZARRY, United States District Judge:**

On January 13, 2023, Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Plaintiff"), initiated this suit for copyright infringement against Skinney LLC d/b/a ("Skinney"), and unknown individual Does 1-10, alleging they used Plaintiff's copyrighted photographs without its permission and thereby infringed on Plaintiff's copyright. Compl., Dkt. Entry No. 1. Skinney moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) because the claims are time barred pursuant to 17 U.S.C. § 507(b).[1] *See*, Def.'s Mot. ("Mot.") at 5-9, Dkt. Entry No. 11-7. Skinney also moved to dismiss Plaintiff's request for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that this form of relief has been rendered moot by Skinney's voluntary cessation. *Id.* Plaintiff opposed Skinney's motion and, in the alternative, requested leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2). *See*, Pl.'s Opp'n ("Opp'n"), Dkt. Entry No. 13. Skinney replied. *See*, Def.'s Reply ("Reply"), Dkt Entry No. 14. For the reasons set forth below the motion to dismiss is denied and Plaintiff's request for leave to amend is denied as moot.

Plaintiff "is a full-service photography licensing agency" with a catalogue of imagery from hundreds of prominent artists and designers, including Florian Sommet ("Sommet"). Compl. at

---

[1] To date individual Does 1-10 neither have been identified nor have they entered the case. Only Skinney moved to dismiss this action.

¶¶ 8-10. According to the Complaint, on November 30, 2020, Sommet discovered that three of his photographs appeared on Skinney's social media pages without attribution and without permission from Plaintiff or Sommet, in violation of Sommet's registered copyrights, licensed by Plaintiff. *Id*. at ¶¶ 13-15, 19-35.

## **LEGAL STANDARD**

### I.    Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir.2011) (per curiam)). However, if the "jurisdictional facts are placed in dispute," the party opposing the motion has the burden of demonstrating subject matter jurisdiction by a preponderance of the evidence. *Id.* (citations and quotations omitted). "The court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in the affidavits.'" *Wewe v. Mt. Sinai Hosp.*, 518 F. Supp. 3d 643, 647 (E.D.N.Y. 2021) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

### II.    Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The plausibility standard "does not require 'detailed factual

2

allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

While the Court generally considers only facts alleged in the complaint or contained in documents attached or incorporated by reference, other facts and documents can "be appropriately considered if [they are those] upon which the complaint solely relies and [are] integral to the complaint." *Lohan v. Perez*, 924 F. Supp.2d 447, 453 (E.D.N.Y. 2013) (modifications, quotations, and internal citation omitted). "The Court may properly consider 'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp.3d 377, 399 (E.D.N.Y. 2018) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). In addition, "a court may consider . . . matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

**DISCUSSION**

I.   **Claim Accrual**

To state a claim of copyright infringement, a plaintiff must establish ownership of a valid copyright and that the defendant violated an exclusive right conferred by the ownership. *See, Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991); *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003). A plaintiff must bring an action for copyright infringement within three years of its accrual. 17 U.S.C. § 507(b). In the Second Circuit, a copyright claim accrues when the owner of a copyright "discovers, or with due diligence should have discovered, the infringement, (the so-called 'discovery rule')." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). Where a copyright owner should have discovered the infringement with due diligence, s/he may be charged with constructive discovery of the infringement and the claim is deemed to have accrued at that time. *Id.* at 125. In order for constructive discovery to apply, the copyright holder must have been aware of "facts or circumstances that would have prompted" the copyright holder to investigate and discover the infringement. *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020) (affirmative defense based on statute of limitations properly rejected where defendant exclusively relied on the passage of time).

Skinney argues that Plaintiff's claims are time barred under the discovery rule because Plaintiff should have discovered the infringement with due diligence more than three years before the commencement of this lawsuit. Mot. at 2-5. Skinney maintains that, since Plaintiff is a full service photography licensing agency, "[Plaintiff] is at all times on constructive notice of potential infringements, and thus under an affirmative duty to perform at least annual diligence investigations." *Id.* at 4. Thus, Plaintiff should be charged with constructive discovery of the infringements no later than one year from the beginning of Plaintiff's relationship with Sommet

4

on October 23, 2018. *Id.* (*Id.* Ex. 4 licensing agreement dated October 23, 2018, Dkt. Entry No. 11-4). If Plaintiff is charged with constructive discovery of the infringements on October 23, 2019, then Plaintiff's claims would be barred by the statute of limitations. *See*, Mot. at 4-5.

Skinney repeatedly asserts that Plaintiff had a continuous and ongoing duty to detect infringement of its copyrights based on its role as a copyright licensing agency. *Id*. at 2 (Plaintiff was "at all times on constructive notice of potential infringements"); *Id.* at 4 (Plaintiff was on "inquiry notice at all times to police the work"). Skinney maintains that licensing agencies are charged with constructive discovery earlier than other types of copyright holders, and, therefore, have an affirmative duty to investigate for infringement at least annually. *Id.* at 4. Skinny asserts that, if a licensing agency does not bring suit within four years of the infringement of their copyright, its claim is barred by the statute of limitations.

In support, Skinney relies on a licensing agreement attached as Exhibit 4 to the Motion. *Id*. Ex. 4. As noted above, when considering a 12(b)(6) motion, the Court can only consider documents incorporated by reference or integral to the Complaint. The licensing agreement does not fall into any of these categories and the Court cannot consider it for purposes of the instant motion. As a result, the Court cannot fix the date of claim accrual based on the licensing agreement.

Nor do Skinney's cited cases stand for the proposition Skinney advocates. *Id.* at 3-4 (citing *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042 (9th Cir. 2020)). *Oracle* follows other cases in the Second Circuit clearly stating that the duty to investigate for copyright infringement is only triggered by the *suspicion* of copyright infringement, which, in turn, requires knowledge of facts giving rise to this suspicion. 971 F.3d at 1048; *accord, Sohm*, 959 F.3d at 51 (defendant must point to facts or circumstances that would have prompted such an inquiry). What

5

these decisions do not stand for, however, is that a copyright owner or licensee is on "inquiry notice at all times" as suggested by Skinney.  Reply at 3.

Although not cited by Skinney, some district courts in the Second Circuit have dismissed claims as time barred, charging plaintiffs with earlier constructive discovery based on the "sophistication" of the copyright holder.  *See*, *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp.3d 461, 467 (S.D.N.Y. 2019) (dismissal warranted where plaintiff was "a seasoned litigator that ha[d] filed 36 lawsuits to protect its copyrights"); *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 2023 WL 4106162, at *3 (S.D.N.Y. June 20, 2023) (dismissal warranted where "the Complaint allege[d] that the Plaintiff was particularly sophisticated in regularly seeking out and discovering online infringing uses" and had filed over 100 copyright suits).  However, other courts in the Circuit have considered this approach and declined to charge plaintiffs with constructive discovery based on their relative sophistication.  *See*, *McGlynn v. Sinovision Inc.*, 2024 WL 643021, at *5 (S.D.N.Y. Feb. 15, 2024) (declining to charge the plaintiff with constructive discovery, observing that "Plaintiff's record of past lawsuits . . . may speak to the prevalence of copyright infringement just as much as to Plaintiff's sophistication"); *Parisienne v. Scripps Media, Inc.*, 2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021) (declining to charge the plaintiff with constructive discovery because the plaintiff did not have "a general duty to police the internet for infringements" and there was no "evidence or explanation for how [plaintiff] should have known about the alleged infringement, or been put on inquiry notice").

Even if the Court were to adopt the sophisticated copyright holder approach to constructive discovery, Skinney's argument still would fail because Skinney does not identify any evidence proving Plaintiff's sophistication, either based on previously filed cases or other factual allegations in the Complaint.  *See*, *McGlynn.*, 2024 WL 643021, at *5; *Michael Grecco*, 2023 WL 4106162,

6

at *3. Furthermore, Skinney fails to identify any facts that might indicate Plaintiff's suspicion of infringement should have developed earlier. *See*, *Sohm*, 959 F.3d at 51. As a result, based on the allegations in the Complaint, the Court finds that this suit is not time barred as it was commenced within three years of the claim's accrual in accord with 17 U.S.C. § 507(b). Accordingly, Skinney's motion to dismiss Plaintiff's claims as time barred is denied.

## II. Mootness

In order to state a plausible claim for injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, *L.L.C.*. 547 U.S. 388, 391 (2006). Here, Skinney does not dispute that, when filed, Plaintiff's Complaint made out a plausible claim for injunctive relief under the factors articulated by the Supreme Court in *eBay*. 547 U.S. at 391.

Instead, Skinney contends that Plaintiff's request for injunctive relief should be denied as moot. Mot. at 5-9. According to Skinney, Plaintiff no longer faces any real and immediate threat of injury because Skinney voluntarily ceased the infringing activity and there is no reasonable expectation that it will reoccur. *Id.* at 8-9 (citing *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94 (2d Cir. 2010)).

"Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation must be extant at all stages of review, not merely at the time the complaint is filed." *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (citations and quotations omitted). "When the plaintiff no longer has a legally cognizable interest in the outcome of the

action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III." *Id.* (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

The standard "for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968));  *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 224 (2d Cir. 2018).  "The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness." *Friends of the Earth*, 528 U.S. at 170.

Here, Skinney has not shown that its infringement reasonably cannot be expected to recur. As discussed above, the Court cannot rely on conclusory statements contained in affidavits to resolve jurisdictional issues.  Skinney's affidavits supply only conclusory statements that the infringing activity will not recur.  *See*, Martino Aff., Dkt. Entry No. 11-1.  Specifically, the only statement regarding the expectation of future infringement is "I confirm that the allegedly infringing posts will not be posted to Skinney's social media accounts in the future. *Id.* at ¶ 4. Not only is this statement conclusory, but it also does not rule out the possibility of future infringement of Plaintiff's copyrighted works.  It only rules out the reposting of the "allegedly infringing posts."

As a result, the Court finds that Skinney has not met its "heavy burden."  While discovery and further development of the case may reveal injunctive relief as inappropriate, at this stage, Plaintiff may continue to pursue this form of relief.  *See*, *Friends of the Earth*, 528 U.S. at 171 ("[T]he district court has discretion to determine which form of relief is best suited to abate current

8

violations and deter future ones."). Skinney's motion to dismiss the requested injunctive relief as moot is denied.

## **CONCLUSION**

For the reasons stated above Skinney's motion to dismiss is denied. Plaintiff's alternative request to amend the Complaint also is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2024

/s/
DORA L. IRIZARRY
United States District Judge